# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JACK MASSEY, Jr. :

      Plaintiff : CIVIL ACTION NO. 3:18-1936

  v. : (JUDGE MANNION)

LAUREL HARRY, *et al.*, :

      Defendants :

## MEMORANDUM

## I. Background

Jack Massey, an inmate presently confined in the State Correctional Institution, Huntingdon (SCI-Huntingdon), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc.1). The named Defendants are the following Department of Corrections employees: Superintendent Laurel Harry, Corrections Health Care Administrator Beth Herb and Facilities Manager Keith Carberry. Id.

Plaintiff's complaint states the following:

> Ms. Harry runs Camp Hill and bunks are not safe 6 ft. high no ladders, Ms. Herb runs health care and failed to see get a xray and treat me like a Dr. would on the outside. Mr. Carberry all the rats and cockroaches all over and in my cell on Block A on 7/26/18.

Id. The complaint does not contain a request for relief. Id.

On May 10, 2019, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule Civil Procedure 12(b)(6), arguing that Plaintiff's action should be dismissed for Plaintiff's failure to properly exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). (Doc. 18).

On October 16, 2019, in accordance with *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), (holding that the District Court shall provide the parties notice that it will consider exhaustion in its role as fact finder under *Small v. Camden Cty.*, 728 F.3d 265 (3d Cir. 2013)), this Court issued an Order, converting Defendants' motion to dismiss to a motion for summary judgment and allowing the parties an opportunity to supplement the record with supporting evidence relevant to the exhaustion of administrative remedies. (Doc. 22).

On October 23, 2019, Defendants filed a statement of material facts in support of their motion for summary judgment. (Doc. 23). On November 6, 2019, Plaintiff filed a brief in opposition[1] to Defendants' motion for summary

---

[1] To the extent that Plaintiff's brief in opposition requests this Court to reconsider its April 4, 2019 Order denying Plaintiff's motion for appointment of counsel, the Court denies any motion for reconsideration, as its Order **Error! Main Document Only.**is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected our decision,

judgment. (Doc. 25). Thus, the motion is ripe for disposition. For the reasons set forth below, the Court will grant Defendants' motion for summary judgment.

**II. <u>Standard of Review</u>**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257.

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consolidated Rail Corporation*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, parties may not rely on unsubstantiated allegations. Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials or, demonstrating that a factual assertion is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); *see Celotex*, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see Harter v. G.A.F. Corp.,* 967 F.2d 846, 851 (3d

Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. Fed.R.Civ.P. 56(e).

**III. <u>Statement of Facts</u>**

A review of the Automated Inmate Grievance Tracking System database reveals that Plaintiff filed three grievances while incarcerated at SCI-Huntingdon; none of which were appealed to final review before the Secretary's Office of Inmate Grievances and Appeals. (*See* Doc. 23-1 at 46-51).

On July 31, 2018, Plaintiff filed Grievance No. 750146, stating the following:

> I fell off the top bunk on 7/26/18. Didn't see P.A. til 7/30/18. I got a big bruise on thigh on right leg and hurt my left arm. The P.S. said it will heal and gave me Tylenol. That's it. She didn't x-ray left arm. I hurts like crazy to do pushups or shoot a B-ball and hurts to rotate arm. I'm left handed so it hurts to push water button.

*Id*. In an Initial Review Response dated September 11, 2018, Plaintiff's grievance was denied as follows:

> I reviewed your medical records. Your medical record states that you were seen in medical after a medical emergency was called on your behalf. You were evaluated and placed on sick call for

the following day (Friday 07/27/2018). You were noted to be in no acute distress, and you had active range of motion to all extremities. Your medical record states that you were a no show for the non-emergent sick call on Friday 07/27/2018 and you were rescheduled to the Monday 07/30/2018 sick line. On 07/30/2018 [you were seen] by the practitioner and you were noted to be in no acute distress, you maintained active range of motion to your upper extremities, there was a yellow-greenish bruise to your left inner thigh. You had good rotation of both shoulders. You were ordered Tylenol. You were in agreement with the practitioner with everything the practitioner offered you and you were told to return to medical if needed. You were seen on 08/10/2018 concerning a complaint about a blister on your right Achilles heel area. Treatment was ordered for you. There is no documentation of you mentioning any further problems related to your fall during this visit.

In light of my findings, you were seen and given proper medical care. I will advise you that for future reference, when you have any medical problems that are non-emergent, you must place a sick call and you will be seen promptly. A grievance was inappropriate at this time because if you continued to have complaints, you should have placed a sick call and you would have been seen for it.

*Id*. No further appeal was filed regarding Grievance No. 750146.

On August 7, 2018, Plaintiff filed Grievance No. 751150, stating the following:

I was bottom bunk at County Jail due to medical problems with my L3, L4, L5 nerves in my lower back that causes my left leg to go numb. I came to Camp Hill, I tell them at intake and they say o well you get what you get and I was put on top bunk which caused my fall on 7/26/18.

Id. On August 7, 2018, Grievance No. 75110 was denied as follows:

> I am in receipt of your grievance. In your grievance you informed me that you were bottom bunk status at county jail due to your medical conditions. You allege that you were informed that you get what you get and that you were put on top bunk which caused you to fall.
>
> After careful review of your electric health record, this grievance is denied.
> You were seen on 07/23/2018 with physician assistant Rutherford where it was deemed you were able to complete activities of daily living.
>
> Bottom bunk status was given to you on 07/30/2018 after your visit with nurse practitioner Henry.
>
> Per notes from your medical chart regarding your fall, it was reported that your left arm was numb, and your left arm gave out when you were exiting your bunk, which contributed to your fall.

*Id.* No appeal from the denial of Grievance No. 751150 was filed.

On August 11, 2018, Plaintiff filed Grievance No. 752210, stating the following:

> I put in a sick call on 8/8/18 didn't get seen until 8/10/18 about pain in upper left arm that I hurt in the fall I had on 7/26/18. She gave me no pain meds and said it will heal didn't even look at it just blow me off and charged me for it.

*Id.* By Response dated September 4, 2018, Grievance No. 752210 was denied as follows:

> After careful review of your medical chart, this grievance and requested relief is denied.
>
> You allege that you submitted your sick call slip on Saturday, August 8, 2018. You were seen on Monday, August 10, 2018, that is an acceptable time frame.

>       According to the notes in your chart from the doctor who saw you, you were not seen for upper arm pain. You were seen for a blister above your right ankle and you were requesting RHU shoes.
>
>       You were issued RHU shoes, triple antibiotic ointment and a band aid.
>       You were not charged for the 08/10/2018 visit but were charged $5.00 for your initial visit for this medical issue. The co-pay is $5.00.

*Id*. No further appeal was filed from the denial of Grievance No. 752210.

On October 5, 2018, Plaintiff filed the above captioned action.

## IV. <u>Discussion</u>

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Failure to exhaust available

administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Department of Corrections. The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department of Corrections Administrative Directive 804. *See* www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). This policy establishes the Consolidated Inmate Grievance Review System, through which inmates can seek to resolve issues relating to their incarceration. *Id*. The first step in the inmate grievance process is initial review. *Id*. Grievances must be submitted for initial review within 15 working days after the event upon which the grievance is based. *Id*. After initial review, the inmate may appeal to the superintendent of their institution. *Id*. Upon completion of the initial review and the appeal from the initial review, an inmate may seek final review with the Chief of the Secretary's Office of Inmate Grievances and Appeals (SOIGA). *Id.*

It is clear from the record that Plaintiff has failed to exhaust his administrative remedies before filing the above captioned action. Although Plaintiff received responses to all three of his grievances, he took no further action to appeal his grievance to the Facility Manger and/or the Secretary's Office of Inmate Grievances and Appeals for final review. Thus, it is evident from the record that Plaintiff failed to follow the procedural requirements of the grievance procedure and appeal the denial to his initial grievance to the next level of review.

Failure to employ the system of administrative remedies, even if the administrative process would be inadequate to grant full relief, procedurally defaults any federal claim. *See Spruill v. Gillis*, 372 F.3d 218, 222-26 (3d Cir. 2004). Plaintiff's failure to pursue the appropriate administrative process with respect to his claims precludes the litigation of such claims.

In *Spruill, supra*, our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under §1997e(a) is governed by the applicable prison grievance system, provided that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in §1997e(a)." *Id*. at 231, 232.

In this case, the record clearly discloses that Massey failed to exhaust his administrative remedies with respect to the claims raised herein. Thus, Massey has sustained a procedural default with respect to his claims.

*Spruill* cited with approval the Seventh Circuit decision in *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). *Spruill*, 372 F.3d at 231. In *Pozo*, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. Massey offers no evidence to justify his failure to comply with the exhaustion requirements. Consequently, he is now foreclosed from litigating his claims in this Court.

In *Spruill*, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In *Pusey v. Belanger*, No. Civ. 02-351, 1004 WL 2075471 at *2-3 (D. Del. Sept. 14, 2004), the court applied *Spruill* to dismiss an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy

program operating in Delaware covered his grievance. In *Berry v. Kerik*, 366 F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal of an inmate's action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In *Ross v. County Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in *Pozo*, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." These precedents support this Court's decision to enter judgment in favor of Defendants.

## V. Conclusion

Based upon the undisputed facts of record, Defendants are entitled to summary judgment for Plaintiff's failure to adequately exhaust administrative remedies with respect to the claims raised in the instant action. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 4, 2020**
18-1936-01

- 12 -